UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

    Plaintiff,                                   No. 15-12706

v.                                               District Judge Robert H. Cleland
                                                      Magistrate Judge R. Steven Whalen

BHAMINI SUDHIR, ET AL.,

    Defendants.
_____/

**ORDER**

Plaintiff Timothy Boulding, a *pro se* prison inmate in this civil rights action, has filed a motion to compel discovery [Doc. #35], in large part seeking his medical records from the Michigan Department of Corrections ("MDOC"), including x-rays. Plaintiff complains that the Defendants associated with Corizon Health, Inc., who have obtained some of the medical records, want him to pay ten cents per page for copies.[1]

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"), and prepayment of the initial filing fee was waived [Doc. #3]. Although IFP status entitles Plaintiff to waiver of certain court costs, numerous cases hold that 28 U.S.C. § 1915 does not provide for payment of discovery costs, and a prisoner-plaintiff must fund his or her own litigation expenses. In *Smith v. Yarrow*, 78 Fed.Appx. 529, 544, 2003 WL 22400730, *13 (6th Cir. 2003), the Sixth Circuit stated:

> "A prisoner plaintiff proceeding *in forma pauperis* may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory

---

[1] Defendants state in response [Doc. #36] that they have a portion (approximately 2,000 pages) of Plaintiff's MDOC medical records, and have provided him with 60 pages "from dates specifically identified by Plaintiff in his requests" at no charge.

> requirement that the government or Defendant pay for an indigent prisoner's discovery efforts. *See Johnson v. Hubbard,* 698 F.2d 286, 289 (6th Cir.1983) (holding that there is no constitutional or statutory requirement to waive an indigent prisoner plaintiff's costs of discovery)."

*See also Hughes v. Friedman*, 2013 WL 93177, *1 (D.Ariz. 2013)(even though Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C.1915(d), he is responsible for paying all fees and costs associated with subpoenas, including the costs of his own medical records"); *Kershner v. Mazurkiewicz,* 670 F.2d 440, 445 (3rd Cir.1982) (holding that even indigent prisoners are expected to pay for the incidental costs of their litigation).

So, Plaintiff may either obtain copies of his records from Corizon at ten cents per page, or pay the MDOC for copies of his records, with payment being deducted periodically from his prisoner account. *See* MDOC Policy Directive 03.04.108, ¶ S. In addition, Plaintiff has the right under federal law to inspect his MDOC medical records. *See* 45 C.F.R. § 164.524. Should he choose to inspect his medical file, he may be able to narrow the number of records that he needs to copy.

For these reasons, Plaintiff's motion to compel discovery [Doc. #35] is DENIED.

IT IS SO ORDERED.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Date: April 18, 2016

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 18, 2016, electronically and/or by U.S. mail.

                                                s/Carolyn M. Ciesla
                                                Case Manager to the
                                                Honorable R. Steven Whalen