UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

                Plaintiff,                        No. 15-12706

v.                                        District Judge Robert H. Cleland
                                        Magistrate Judge R. Steven Whalen

BHAMINI SUDHIR, ET AL.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Boulding, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") has filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is a motion to dismiss filed by Defendants Corizon Health, Inc. ("Corizon"), Dr. Steven Bergman, and Dr. Bhamini Sudhir [Doc. #22], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  For the reasons discussed below, I recommend that the motion be GRANTED and that these Defendants be DISMISSED WITH PREJUDICE.

## I.    FACTS

In his complaint [Doc. #1], Plaintiff alleges that on August 7, 2013, he fell from his wheelchair, breaking his right leg and injuring his right foot. He saw Defendant Dr. Sudhir the same day, at which time he also complained about his right knee.  Dr. Sudhir replied that he did not see a problem with the right knee, but that he would order x-rays of the right foot.  The following day, August 8, 2013, Plaintiff was sent to Duane Waters Hospital for x-rays. He asked the x-ray technician to x-ray his right knee, but the

technician declined, saying that she only had a doctor's order for the right foot.

On August 10, 2013, Plaintiff was sent to Allegiance hospital for an ultrasound, where it was determined that he had "deep vein thrombosis" of the right leg, which caused swelling in addition to that which stemmed from the broken leg. On August 23, 2013–10 days after his fall–Plaintiff was seen by Dr. Karen Rhodes, who examined him and ordered x-rays of "the whole right leg from foot to knee."

On August 28, 2013, Plaintiff was again sent to Duane Waters Hospital for x-rays. He was sent to the emergency room, where he was provided with a knee stabilizer. Plaintiff alleges that on September 5, 2013, Dr. Rhodes told him that a request for an orthopedic evaluation was denied. At follow-up visits on September 12 and September 19, however, Dr. Rhodes allegedly told Plaintiff that an orthopedic consultation had been approved. In any event, on September 25, 2015, Plaintiff was taken to Allegiance Hospital for an orthopedic consultation with Dr. Tien.  More x-rays were taken, and Dr. Tien told Plaintiff that because he specialized only in foot and ankle problems, he would refer him to a colleague. On October 4, 2013, Plaintiff had another follow-up appointment with Dr. Rhodes.

Plaintiff alleges that Defendant Dr. Bergman "issued a denial of treatment" because he was a paraplegic in a wheelchair, and thus "the leg did not need special treatment." Plaintiff claims that as of the date of the complaint, he has been without "proper required treatment." Specifically, he alleges that Dr. Bergman denied Dr. Rhodes' referral requests. Attached to his complaint is a written communication from Dr. Bergman to Dr. Rhodes, dated September 4, 2013, in which Dr. Bergman states, "Medical necessity for Orthopedic consult is not demonstrated at the present time. Patient is paraplegic,

continue with conservative treatment and monitoring."[1]

Plaintiff also claims that Corizon is in violation of its contract with the MDOC,

and is liable because it has not properly supervised its medical employees.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that

if, on consideration of a motion under paragraph (6), "matters outside the pleading are

presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as

true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v.*
*Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d

929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a

Rule 12(b)(6) motion.  The Court held that although a complaint need not contain detailed

factual allegations, its "[f]actual allegations must be enough to raise a right to relief above

the speculative level...on the assumption that all the allegations in the complaint are true."

*Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[1] Plaintiff previously filed a civil complaint against these Defendants arising out of
the same facts. *Timothy Boulding v. Michigan Dept. of Corrections, et al.*, E.D. Mich. No.
13-14325. That complaint was dismissed without prejudice based on Plaintiff's failure to
first exhaust his administrative remedies. In his response to the Defendants' motion to
dismiss in the previous case, *see* p. 4 of Doc. #29 in 13-14325, Plaintiff stated, "The right
leg was surgically repair[ed] during a 5-hour operation on November 25, 2013."

not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

### III.   DISCUSSION

### A.   Dr. Sudhir and Dr. Bergman

Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).  Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,* 273 F.3d 693, 702 (6th Cir. 2002). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*  Deliberate indifference may be established by showing an interruption of a  prescribed plan of treatment, or a delay in medical treatment.  *Id.*; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, mere negligence or misdiagnosis of an ailment does not rise to the level of a constitutional violation.  *Estelle,* 429 U.S. at 106; *Comstock,* 273 F.3d at 703.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999),

citing *Estelle v. Gamble, supra* ("Deliberate indifference, however, does not include
negligence in diagnosing a medical condition").

The Plaintiff fell out of his wheelchair and broke his leg. I consider this a serious
medical condition sufficient to satisfy the objective prong of the deliberate indifference
test. It is on the subjective prong that Plaintiff's claim falters.

Taking the facts as Plaintiff alleges them in his complaint, Dr. Sudhir examined
him promptly on August 7, 2013, the same day that he fell. Although Plaintiff complained
about his right knee, Dr. Sudhir determined that in his medical judgment, there was no
problem with the right knee, but nonetheless ordered x-rays of the right foot. Between
August 7th and October 24th, Plaintiff was sent to area hospitals for three x-rays and an
ultrasound, and had follow-up appointments with Dr. Rhodes and Dr. Tien. Plaintiff
complains that Dr. Bergman denied a referral to an orthopedic specialist, but Dr.
Bergman's written determination, attached to Plaintiff's complaint, again reflects a
medical judgment: "Medical necessity for Orthopedic consult is not demonstrated at the
present time. Patient is paraplegic, continue with conservative treatment and monitoring."
That Plaintiff, or even another doctor, might disagree with Dr. Bergman's determination
is not the point. This Court is ill-equipped to second-guess medical judgments of
physicians.  Even misdiagnosis and improper or ineffectual treatment do not rise to the
heightened standard of deliberate indifference under the Eighth Amendment and even
gross negligence is not tantamount to deliberate indifference. *See Broyles v. Corr.*
*Medical Servs., Inc.,* 478 F. App'x 971, 975 (6th Cir. 2012). In *Comstock*, the Court
explained:

> "When a prison doctor provides treatment, albeit carelessly or
> inefficaciously, to a prisoner, he has not displayed a deliberate indifference
> to the prisoner's needs, but merely a degree of incompetence which does not
> rise to the level of a constitutional violation." 273 F.3d at 703.

Moreover, as Plaintiff conceded in his prior case, his right leg was in fact surgically repaired on November 25, 2013. *See* fn. 1, above.

In short, Plaintiff received constitutionally adequate medical care following his injury. He was evaluated by physicians, given x-rays and an ultrasound, and ultimately had his leg surgically repaired. Perhaps the surgery was not done as promptly as he would have liked, and perhaps he disagrees with Dr. Sudhir's initial assessment of his knee and with Dr. Bergman's initial decision to deny a referral to an orthopedist. But a patient's disagreement with the quality of his medical treatment does not support a claim of deliberate indifference. *Westlake, supra*; *Jennings v. Al-Dabagh*, 275 F.Supp.2d 863, 870 (E.D. Mich. 2003)("[T]he fact that a prisoner disagrees with a course of treatment that he was prescribed, or even that the treatment he did receive was negligently administered, does not rise to a constitutional violation."). Plaintiff has not stated a plausible Eighth Amendment claim.

### B.    Corizon

Plaintiff claims, in conclusory fashion, that Defendant Corizon is liable for the constitutional violations of its medical employees. However, in *Monell v. Department of Social Services.,* 436 U.S. 658, 692 (1978) the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability.  *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.  1984)(at a minimum, a §1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). Corporate or institutional liability may "also be premised on some policy that caused a deprivation of [Plaintiff's] Eighth Amendment rights." *Starcher v. Correctional Medical Services*, 7 Fed.Appx. 459, 465 (6th Cir. 2001).

In this case, Plaintiff has not plausibly described any Corizon policy that would cause a violation of his Eighth Amendment rights.[2] But more fundamentally, as discussed above, he has not set forth a plausible claim that there *was* a violation of his constitutional rights. *See Raspardo v. Carlone*, 770 F.3d 97, 129 (2d Cir. 2014 ("Because we have held that there was no underlying constitutional violation, there is also no supervisory liability"); *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)("[T]o impose § 1983 liability the plaintiff first had to establish the supervisor's subordinates violated the Constitution.").

Plaintiff also appears to raise a breach of contract claim, positing that he is a third-party beneficiary to the contract between the MDOC and Corizon. I specifically rejected that theory in *Haithcox v. Greiner*, 2010 W L 1292712, *5 -6 (E.D.Mich. 2010)(Whalen, M.J.), another deliberate indifference case, where I found as follows:

> "Plaintiff does not have standing as a third party beneficiary under M.C.L. § 600.1405, which provides that '[a]ny person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.' A 'mere beneficial interest in a contract is not enough to confer standing ... a party having the status of a third-party beneficiary to a contract has the same right to enforce that contract as the promisee.' *Stillman v. Goldfarb,* 172 Mich.App. 231, 431 N.W.2d 247, 251 (1988). Third party beneficiary status 'requires an *express* promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract.' *Dynamic Construction Co. V. Barton Malow Co.,* 214 Mich.App. 425, 428,

---

[2] The Plaintiff claims that Corizon has a policy of refraining from referring out cases for financial or cost-cutting reasons. However, the Court in *Casanova v. Michigan Dept. of Corrections*, 2011 WL 4374457, *3-4 (E.D. Mich. 2011)(Battani, J.), rejected the theory that it is constitutionally improper for a medical provider to consider cost when determining an appropriate course of treatment. *Casanova* quoted and relied on *Winslow v. Prison Health Servs.*, 406 Fed.App'x 671, 674 (3d Cir. 2011)("[T]he naked assertion that [a defendant] considered cost in treating [a plaintiff's condition] does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment.").

543 N.W.2d 31 (1995) (emphasis added).

"Finally, engrafting a third party beneficiary theory in what is at its core an Eighth Amendment deliberate indifference claim would be an end run around the vicarious liability rule of *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which holds that liability under § 1983 cannot be based on a theory of *respondeat superior.* The Plaintiff cannot evade the strictures of a constitutional claim-or for that matter, a medical malpractice claim-by recasting it as a third party beneficiary claim." (Footnote omitted).

Corizon is therefore subject to dismissal under Rule 12(b)(6).

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' motion to dismiss [Doc. #22] be GRANTED and that Defendants Corizon Health, Inc., Dr. Steven Bergman, and Dr. Bhamini Sudhir be DISMISSED WITH PREJUDICE.[3]

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

---

[3] The Defendants also argue that Plaintiff's complaint is subject to dismissal based on his failure to first exhaust his administrative remedies within the MDOC. However, 42 U.S.C. § 1197e(c)(2) provides that if a complaint fails to state a claim upon which relief can be granted, "the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." It is therefore unnecessary to address the exhaustion issue in this case.

Magistrate Judge.

Any objections must be labeled as "Objection #1,"  "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify on July 29, 2016 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants July 29, 2016.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen
