## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY BOULDING,

     Plaintiff,

v.                                                    Case No. 15-12706

BHAMINI SUDHIR, ET AL.,

     Defendants.

_____/

### OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND (3) GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Timothy Boulding filed a *pro se* civil complaint under 42 U.S.C. § 1983 alleging a violation of the Eighth Amendment in virtue of Defendants' deliberate indifference to his serious medical needs. Plaintiff is a prison inmate in the custody of the Michigan Department of Corrections. Pending before the Court is a "Motion to Dismiss" filed by Defendants Corizon Health, Inc. ("Corizon"), Dr. Steven Bergman, and Dr. Bhamini Sudhir. (Dkt. #22.) Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R&R"), (Dkt. #43), advising the court to grant Defendants' motion to dismiss. Plaintiff filed Objections to the R&R, (Dkt. # 49), and no response is necessary. After reviewing the R&R and Plaintiff's objections, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections and adopt the R&R.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the

complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

However, to survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Additionally, on a motion to dismiss, a court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)).

3

## II. DISCUSSION

Plaintiff's handwritten objections contain two pages entitled "Facts" followed by numbered objections and a section titled "Conclusion." "[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R&R." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). This court will only address the information framed as numbered objections for the purposes of evaluating the R&R, as any others have been waived. The objections are numbered according to a subheading system which this court will reproduce here for the sake of clarity.

### A. "Objections by Plaintiff"

### 1. Objection Nos. 1, 2, 3, and 4

Plaintiff's first four objections contend that the R&R omitted important details: that deep vein thrombosis was attributed to the fracture, that it was Dr. Rhodes and not Dr. Sudhir who ordered the X-rays, that Dr. Steven Bergman denied a request by Dr. Rhodes for an emergency orthopedic consultation, and that Dr. Tien had suggested the leg may need to be amputated and promised a referral to Dr. Walper which never took place. These factual claims are all either explicitly included in the R&R (such as the presence of deep vein thrombosis) or at the very least consistent with the R&R as written. In any case, they are minor details.

4

Central to Magistrate Judge Whalen's determination was controlling precedent that "even misdiagnosis and improper or ineffectual treatment do not rise to the heightened standard of deliberate indifference under the Eighth Amendment and even gross negligence is not tantamount to deliberate indifference." *Broyles v. Corr. Medical Servs. Inc.*, 478 F.App'x 971, 975 (6th Cir. 2012). These details at best bolster an allegation of misdiagnosis or ineffectual treatment but do not rise to the level of deliberate indifference and therefore do not support a view that the R&R incorrectly concluded that "Plaintiff received constitutionally adequate medical care following his injury." Therefore, these four objections will be overruled.

### 2. Objection No. 5

Plaintiff objects that the R&R refers to something as an allegation which Plaintiff believes is supported by evidence in the record. This distinction is immaterial as the court assumes all well-pleaded facts within the complaint to be true for the purposes of a motion to dismiss. *League*, 500 F.3d at 527. Accordingly, it will also be overruled.

### 3. Objection No. 6

Plaintiff objects that the R&R misconstrues Plaintiff's allegations regarding his theory of Defendant Corizon's tort liability. The objection does not specify what statement within the R&R is mistaken, but it avers that "Corizon was liable for not overseeing the proper implementation and usage of its off-site specialist network." Construed liberally, Plaintiff's objection amounts to a concern that the court improperly considered the claim to be one of *respondeat superior* liability instead of one alleging direct negligence.  However, this again is immaterial as the R&R rightly concluded that "Plaintiff has not plausibly described any Corizon policy that would cause a violation of

5

his Eighth Amendment rights. . . . he has not set forth a plausible claim that there *was* a violation of his constitutional rights" in the first place. If no underlying Eighth Amendment violation occurred, it does not matter how negligently Corizon oversaw its network of specialists. The court will also overrule this objection.

### B. "Objection to the Standard of Review"

Plaintiff objects to the inclusion of the phrase "labels and conclusions" within the R&R's discussion of the standard of review under Federal Rule 12(b)(6) and asserts that his claims amount to more. Like Objection No. 5 discussed above, this is immaterial as the court assumes all well-pleaded allegations within the complaint to be true. The R&R was merely stating the standard of review; it did not apply this language to Plaintiff's allegations. Moreover, the language at issue was taken directly from controlling Supreme Court precedent and is not objectionable. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because this objection does not have a basis in law, it will be overruled.

### C. "Objections to Discussion Concerning Dr. Sudhir and Dr. Bergman

#### 1. Objection Nos. 1, 2, and 3

Plaintiff objects that the R&R states that he was examined by Dr. Sudhir on August 7, 2013, but that this characterization of the facts is only "partially correct" as Dr. Sudhir did not touch Plaintiff during this visit. He contends that Dr. Sudhir only "looked at" him and therefore did not perform a "real exam." Plaintiff also objects that the R&R's "general explanation" of the facts as alleged is not complete and that Dr. Bergman had not seen Plaintiff in person before rendering his medical opinion. Plaintiff then supplies

6

further detail not specifically included within the R&R. Assuming these assertions are correct, they do not affect the analysis contained within the R&R, so these objections will be overruled.

### 2. Objection No. 4

Plaintiff objects that the delay in treatment for his broken leg constitutes more than mere "mistake, inadvertence, gross negligence, or misdiagnosis" but instead rises to the level of deliberate indifference. He cites to *Robinson v. Moreland*, where the Eighth Circuit upheld a jury's determination that a jail's shift supervisor had been deliberately indifferent when, contrary to regulations, he ordered an ice pack instead of requesting medical care for a prisoner who had broken his hand. 655 F.2d 887, 889-90 (8th Cir. 1981). The objection further cites to similar precedent from outside the Sixth Circuit holding that a refusal to supply medical attention constitutes deliberate indifference.[1] However, these cases do not establish as a general proposition that mere

---

[1]*See Harrison v. Barkley*, 219 F.3d 132, 138 (2nd Cir. 2000) (reversing grant of summary judgment where defendant refused to treat plaintiff's cavity unless he agreed to have another tooth extracted); *Hinson v. Edmond*, 192 F.3d 1342, 1348-49 (11th Cir. 1999) (affirming denial of summary judgment where defendant waited months to write a consult request after noting that plaintiff's "leg was injured and the injury was causing atrophy"); *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (reversing dismissal where defendants did not schedule specialist visit for two months despite plaintiff's inability to keep food down and thereafter "refused to give him liquid food and told him to survive on four teaspoons of sugar a day"); *Archer v. Dutcher*, 733 F.2d 14, 17 (2nd Cir. 1984) (reversing summary judgment where a material factual issue remained as to whether defendants intentionally delayed access to medical care when plaintiff was in extreme pain); *Woodall v. Foti*, 648 F2d 268, 272-73 (5th Cir. 1981) (reversing a determination that a claim was frivolous where it alleged refusal to treat psychiatric problems); *Ramos v. Lamm*, 639 F.2d 559, 575-76 (10th Cir. 1980) (upholding a finding of deliberate indifference where the state provided "less than 10 hours per week of on-site primary physician coverage" for a "total inmate population of approximately 1,400"); *West v. Keve*, 571 F.2d 158, 162 (3rd Cir. 1978) (reversing dismissal where plaintiff alleged he was denied post-operative care); *Gamble v. Estelle*,

delay constitutes deliberate indifference, nor do they apply in the instant case where Defendants provided medical care that Plaintiff alleges was insufficient. Therefore, this objection will be overruled as well.

### 3. Objection No. 5

Plaintiff objects that the R&R characterizes diagnostic tests as "treatment" and avers that the "conservative treatment" advised by Dr. Bergman constituting the use of a knee stabilizer and pain medication was really "no treatment at all." Even if true, this does not upset Magistrate Judge Whalen's reasoning that Plaintiff lacked a claim because "the fact that a prisoner disagrees with a course of treatment that was prescribed or even that the treatment he did receive was negligently administered, does not rise to a constitutional violation." *Jennings v. Al-Dabagh*, 275 F.Supp.2d 863, 870 (E.D. Mich. 2003). The court will also overrule this objection.

### D. "Corizon"

### 1. Objection No. 1

Plaintiff objects that the R&R relies on a theory of *respondeat superior* when analyzing Corizon's liability. Like Objection No. 6 discussed above, this argument fails because no underlying constitutional claim exists. To the extent that Plaintiff is alleging mere negligence as opposed to an Eighth Amendment violation, this court lacks jurisdiction to hear the claims because they fall outside the ambit of 42 U.S.C. § 1983. Thus, the court will also overrule this objection.

––––––––––––––––––––

554 F.2d 653, 654 (5th Cir. 1977) (affirming dismissal where nothing in the record indicated deliberate indifference in virtue of "interference with the prison doctor's performance or in any other manner").

8

### 2. Objection No. 2

Plaintiff objects that the R&R fails to account for his delayed treatment or Corizon's failure to produce documents he alleges were properly requested when it concluded that "Plaintiff has not plausibly described any Corizon policy that would cause a violation of his Eighth Amendment rights." However, the R&R does account for the delay in treatment, Corizon's conduct during discovery is irrelevant to the underlying Eighth Amendment claim, and Plaintiff still has not identified any relevant policy. Accordingly, the court will also overrule this objection.

### 3. Objection No. 3

Plaintiff objects that the R&R incorrectly concludes that he is not a third party beneficiary of the contract between Corizon and the Michigan Department of Corrections. He references a case where the Michigan Circuit Court found that a prison inmate was a third party beneficiary of such a contract, but on appeal the case was dismissed under MCL 600.5507(3). *Moffat v. Prison Health Services, Inc.*, Nos. 305651, 305715, 2012 WL 4039711, at *1-2 (Mich. Ct. App. Sept. 13, 2012). Plaintiff's argument is not convincing, as "[c]ourts in this state have been reluctant to treat prisoners as third-party beneficiaries of contracts between MDOC and medical service providers." *Schweiger v. Correctional Medical Services, Inc.*, No. 11-15345, 2013 WL 1148443, at *10 (E.D. Mich. March 19, 2013) (collecting cases and stating that the "Michigan Court of Appeals has not ruled on this issue"). This objection will be overruled as well.

### 4. Objection No. 4

9

Plaintiff's final objection relates to procedure. It objects to Defendants having filed what he considers to be two duplicative motions to dismiss and a motion for summary judgment. No motion for summary judgment appears on the docket for this case. Defendants Corizon, Dr. Bergman, and Dr. Sudhir filed a substantive motion to dismiss, (Dkt. #22), and Defendant Alfred Jones filed a separate motion to dismiss on grounds of qualified immunity, (Dkt. #38). The Federal Rules of Civil Procedure do not prohibit separate defendants from filing motions to dismiss on their own behalf when a different defendant's motion to dismiss is pending. Plaintiff also argues that his receipt of some filings was delayed. The delay in Plaintiff's receipt of filings is regrettable, and this court deems Plaintiff's Objections to be timely in any case. Therefore, Plaintiff's final objection will be overruled.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's objections (Dkt. # 49) are OVERRULED and the Magistrate Judge's report and recommendation (Dkt. # 43) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (Dkt. #22) is GRANTED.


   s/Robert H. Cleland                    
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2016, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522