EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

        Plaintiff,                      No. 15-12706

v.                                       District Judge Robert H. Cleland
                                       Magistrate Judge R. Steven Whalen

BHAMINI SUDHIR, ET AL.,

        Defendants.

                                   /

**REPORT AND RECOMMENDATION**

      Plaintiff Timothy Boulding, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") has filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is Defendant Alfred Jones' Motion to Dismiss [Doc. #38], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that Defendant Jones be DISMISSED WITH PREJUDICE.

**I.    FACTS**

      Plaintiff alleges that on August 7, 2013, he broke two bones in his right leg when he fell out of his wheelchair. He states that when he was taken to the prison health unit,

Defendant Dr. Sudhir[1] ordered x-rays of his right foot, but declined Plaintiff's request for an x-ray of his right knee, even though Plaintiff told her there was a "problem" with the right knee. The x-ray technician at Duane Waters Hospital refused to x-ray Plaintiff's right knee because the order from Dr. Sudhir was restricted to the right foot. Plaintiff alleges that subsequent x-rays taken a week later revealed that he had a broken leg. Although he saw an orthopedic specialist on September 25, 2013, he had not received any treatment as of October 10, 2013.

Plaintiff filed the present complaint on October 11, 2013. Although Alfred Jones is named as a Defendant in the caption, the body of the complaint contains no factual allegations against him, nor does it even mention his name. Defendant Jones seeks dismissal under Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a

---

[1] Dr. Sudhir's motion to dismiss was granted on September 29, 2016 [Doc. #50].

right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

Although Defendant Jones frames the issue as qualified immunity, the gravamen of his argument is that by not alleging any factual allegations against him, or even mentioning his name in the body of the report, Plaintiff has failed to show Mr. Jones' personal involvement in any unconstitutional conduct, and therefore the complaint runs afoul of *Iqbal* and Fed.R.Civ.P. 8(a).[2]

The plaintiff in a § 1983 case must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984). And under *Iqbal*, or course, there must be factual allegations that rise above the speculative level. "Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Cameron v. Howes*, 2010 WL 3885271, at *6 (W.D. Mich., Sept. 28, 2010)(listing cases). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004), citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

---

[2] While the more obvious mode of analysis is a straightforward application of Rule 8(a)/*Iqbal*, Jones would also be entitled to qualified immunity in that he is not alleged to have violated any clearly established constitutional right. *See Saucier v. Katz*, 533 U.S. 194 (2001).

Nowhere in the Plaintiff's complaint does Defendant Jones' name appear, other than in the caption. The underlying basis of the complaint is a claim of deliberate indifference to the Plaintiff's medical needs, and there are no allegations from which it could be plausibly inferred that Jones had anything to do with the Plaintiff's medical treatment. Indeed, Plaintiff does not even discuss Jones in his response to the motion to dismiss [Doc. #41], making the motion effectively unopposed. Defendant Jones must be dismissed under *Iqbal*.

Defendant Jones' motion references two of Plaintiff's administrative grievances in which Jones was the Step II grievance respondent. However, merely denying or responding to an administrative grievance is insufficient to support §1983 liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Even if the grievance reports were considered central to the Plaintiff's claims, as Defendant Jones suggests, and even if the complaint were thus construed to claim liability based on Jones' role as grievance respondent, it would be subject to dismissal for failure to state a claim.

## IV. CONCLUSION

I recommend that Defendant Alfred Jones' Motion to Dismiss [Doc. #38] be GRANTED, and that Defendant Jones be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D.

Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Date: October 8, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 8, 2016, electronically and/or by U.S. mail.

                                                                       s/Carolyn M. Ciesla
                                                                       Case Manager to the
                                                                       Honorable R. Steven Whalen